BROWN *v*. STATE.

Opinion delivered March 21, 1921.

1. SEDUCTION—CORROBORATION OF PROSECUTRIX.—In a prosecution for obtaining carnal knowledge of an unmarried female by a false promise of marriage, under Crawford & Moses' Digest, § 2414, though sexual intercourse was admitted, it was necessary that the testimony of the prosecutrix be corroborated as to the alleged promise of marriage.

2. SEDUCTION—CORROBORATION OF PROSECUTRIX.—In a prosecution for obtaining carnal knowledge of an unmarried female by a false promise of marriage, evidence *held* to corroborate the testimony of the prosecutrix as to the promise of marriage.

3. SEDUCTION—INSTRUCTION.—In a prosecution for seduction an instruction that social attention on defendant's part was not of itself corroboration of the testimony of the prosecutrix as to the promise of marriage unless such attention was exclusive and such as to raise a presumption that an engagement existed was properly refused as being on the weight of evidence.

4. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—The refusal of a requested instruction was not error when it was covered by others given.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; affirmed.

*G. O. Patterson* and *Jesse Reynolds,* for appellant.

1. The testimony is not sufficient to support the verdict, as the evidence of the injured female is not corroborated with respect to the alleged promise of marriage. The promise to marry and the fact of intercourse must be proved, either directly or inferentially, by other testi-

mony than the prosecutrix's. 42 Ark. 482; 77 *Id.* 16; 101 *Id.* 45. Here there is no direct evidence relating to the promise of marriage except that of the prosecutrix; the letter in evidence can not be regarded as adding additional proof, either directly or inferentially, for it is identified solely by the prosecutrix. The only evidence offered by the State in corroboration of the promise was that of defendant's social attentions to the prosecutrix. This was not legally sufficient. 77 Ark. 472; 102 Pa. St. 208; 104 Mo. 644; 45 Tex. Co. 290; 63 S. W. 317; 48 *Id.* 192; 31 *Id.* 366.

2. Instruction 4 asked by defendant should have been given. It was also error to refuse No. 5. Their refusal was prejudicial error. 24 R. C. L. 61; 110 N. W. 380.

*J. S. Utley,* Attorney General, and *E. E. Godwin,* Assistant, for appellee.

1. The testimony of the prosecutrix was sufficiently corroborated as to alleged promise of marriage. Appellant admits sexual relations with the prosecutrix, and her testimony as to relations does not have to be corroborated. 130 Ark. 149; 132 *Id.* 92.

2. The promise of marriage is fully proved and sufficiently corroborated. The letter of defendant to the girl is sufficient corroboration of appellant's promise of marriage. 135 Ark. 221; 130 *Id.* 149.

3. There was no error in refusing the instructions asked, Nos. 4 and 5. They are not the law and were properly refused. 24 R. C. L. 779.

The jury evidently believed the girl's testimony, and the verdict is amply sustained by the testimony.

McCULLOCH, C. J. Appellant was convicted in the circuit court of Johnson County of the statutory crime of obtaining carnal knowledge of a certain unmarried female, by virtue of "a false or feigned expressed promise of marriage." Crawford & Moses' Digest, § 2414. The principal contention here is that the testimony is not

sufficient to sustain the verdict, in that the testimony of the injured female was not corroborated with respect to the alleged promise of marriage.

Bertha Ketcheside, who at the time of the commission of the offense was a girl of about eighteen years of age, resided with her widowed mother near the town of Knoxville, in Johnson County, and appellant, a young unmarried man, lived in the same community. According to the testimony of the girl, she and appellant became acquainted with each other in December, 1917, and from that time until the first act of sexual intercourse between them he visited her frequently and his attentions to her were marked. He visited her every Saturday night and Sunday and occasionally other nights during the week. They became engaged to be married in May, 1919, and the first act of intercourse occurred on the night of the second Saturday in October, 1919. On that day, according to the girl's testimony, they set the date for their marriage, which was to take place at the county fair to be held on October 16, 1919. The act of sexual intercourse was repeated a number of times after the first act, and a few months later it was found that the girl was pregnant, and appellant ceased to visit her. They met at the county fair at Clarksville on October 16, for the purpose, as the girl supposed, of being married, but appellant asked for a postponement until the following Sunday, and when they returned home that night he declared to her that he would not marry her at all. The baby was born on April 7, 1920. This is the girl's narrative of her relations with appellant, who admitted on the witness stand that he had intercourse with her at the first time and place which she described, and frequently thereafter as late as in December, 1919, but he denied that he had ever promised to marry the girl.

The alleged acts of sexual intercourse being admitted, corroboration of the testimony of the injured girl on that issue was not essential to a conviction. It was, however, essential that her testimony should be corroborated as to the alleged promise of marriage, and we are

of the opinion that there was sufficient corroborating testimony. She testified that appellant visited her weekly and at times oftener than that for a period of about a year, and that about the time of their engagement in May, 1917, his attentions to her were almost entirely exclusive of the attentions to her of any other young man. The girl's mother corroborated her testimony in this respect and stated that appellant visited the girl frequently—always as often as once a week and sometimes oftener—and that during the summer of 1919 no other young men were visiting her. This is sufficient to constitute corroboration of the testimony of the injured girl, and was a circumstance which warranted the inference that there was an engagement between them to marry. *Lasater* v. *State,* 77 Ark. 468. In addition to those circumstances, we are of the opinion that corroboration is found in the contents of a letter shown to have been written by appellant to the injured girl on August 10, 1919, in which he referred to the arrangement for them to be married at Clarksville on October 16. The girl produced the letter at the trial and testified that it was one that she received from appellant, and that she kept it in a drawer at her mother's house with other letters from him and had burned the others, but by accident this one had not been burned. The girl's sister testified that this letter was in the same handwriting as the other letters which she had seen in the drawer. Appellant admitted that he had been carrying on correspondence with the girl. This testimony, when taken together, warranted the jury in finding that the letter produced was written by appellant, and, if so, there can be no question that the language of the letter constituted abundant corroboration of the girl's testimony with reference to the promise to marry.

Error of the court is assigned in refusing to give the following instruction:

"You are instructed that social attention on the part of defendant is not in itself corroboration, unless you find that such attention was exclusive, and was such as

to raise the natural presumption that an engagement existed. In other words, to amount to corroboration, social attention must be such as usually exists, or is practiced, between parties who are engaged to be married."

This instruction was erroneous in telling the jury that the social attentions on the part of appellant to the girl could not be taken as corroboration unless such attentions were exclusive. This amounted to an instruction on the weight of the evidence, for it can not be said as a matter of law that the testimony of marked social attentions by a young man to a girl is without force as a circumstance indicating a promise to marry merely because such attentions were not exclusive. There may be cases where visits and social attentions of young men are so infrequent that it should be said as a matter of law they were not sufficient to carry any force as testimony to establish a promise of marriage, but it would be going too far to say that, because the attentions were not exclusive of the attentions of the man to other females, or of the attentions of other men to the injured female in question, they are without probative force as indicating promise of marriage. The court therefore properly refused to give this instruction.

Counsel also insists that the court erred in refusing to give instruction number 5, which told the jury that there must be corroboration of the promise of marriage as well as of the alleged act of intercourse, but this was fully covered by another instruction given on the court's own motion, and it was not error therefore to refuse the instruction requested by appellant, even though it was correct in form.

We find no error in the record, and the judgment is therefore affirmed.